Volterra, J.
Plaintiff Domestic Loan and Investment Bank moved for approval of real estate attachments, pursuant to Mass.R.Civ.P. Rule 4.1, in the amount of $950,000 against real estate owned by the defendants, Ruth Brown Ernst and Dr. Juan M. Taveras. The plaintiff seeks to secure a judgment it may obtain against the defendants under G.L.c. 2IE for the releases of oil and hazardous material contamination on its property, located in Harvard, Massachusetts. For the reasons discussed below, plaintiffs motion is denied.
DECISION
The parcel of land in question was owned, from 1948 until 1961, by Warren and Julia Ernst dba Harvard Home Heating Oil Service. In April of 1961, the parcel and an abutting tract of land were conveyed to the defendant Ruth Brown Ernst. The Ernsts operated the heating oil business on the site until approximately 1967. In 1971, Ruth Brown Ernst conveyed the property to herself and Warren Ernst as tenants in common. Mrs. Ernst owned and operated the site until April of 1976, when both parcels of land were conveyed to defendant Juan Taveras and his wife. On August 23, 1983, the Taverases conveyed the site to Robert and Patsy Bell. Dr. Taveras continues to own the abutting parcel of land.
On November 25, 1991, the plaintiff foreclosed on its mortgage with the Bells. In October of 1993, the plaintiff had several underground storage tanks removed from the site. On their removal, the plaintiff discovered oil contamination. Approximately a year later, in October of 1994, the plaintiff discovered 1,2 dichloroethane and other chemicals in the ground water of the site.
Currently, the plaintiff has incurred over $200,000 in response costs.
A plaintiff is entitled to a real estate attachment where there is a reasonable likelihood that it “will recover judgment, including interest and costs, in an amount equal to or greater than the amount of the attachment over and above any liability insurance shown by the defendant to be available to satisfy the judgment.” Mass.R.Civ.P. Rule 4.1(c). I conclude that the plaintiff has failed to show the reasonable likelihood of recovering a judgment.
The plaintiffs theory of recovery, for the oil contamination, is G.L.c. 21E, §5(a)(l). This section does not apply to the defendants, both prior owners, where §5(a)(l) applies only to present owners of a site contaminated by oil or hazardous waste. Griffith v. New England Tel & Tel Co., 414 Mass. 824, 827 (1993). The plaintiffs argument that the defendant’s “abandoned” the site is without merit. See Griffith v. New England Tel & Tel. Co., 414 Mass. 824, 827-29 (1993). The plaintiffs only avenue of recovery for the oil contamination against these defendants is §5(a)(5), but the plaintiff has offered no evidence outside of the bald allegation that either of the defendants “caused or is legally responsible for [the] release . . .” G.L.c. 21E, §5(a)(5); Griffith v. New England Tel. & Tel Co., 420 Mass. 365, 367-70 (1995).
With respect to the dichloroethane contamination, the plaintiffs allege that the defendants are both liable as prior owners, under §5(a)(2), who owned the site “at the time of storage or disposal” of the hazardous material. G.L.c. 21E, §5(a)(2). However, the plaintiff has failed to offer any evidence by affidavit or otherwise that would establish a causal relationship between either of the defendants and the contamination. John Beaudette, Inc. v. J.P. Noonan Transp., Inc., 419 Mass. 311, 314 (1995).
ORDER
For the foregoing reasons, the plaintiffs motion for real estate attachments is DENIED.